JUSTICE COTTER,
concurring.
¶35 I concur in the result reached by the Court, which I think is correct under the statute as presently written. However, as demonstrated by the differing interpretations that the State and the defendant apply to the language contained in § 46-18-243(l)(a) and (d), MCA (hereinafter Sections 1(a) and 1(d)), the statute in its present form is hardly a model of clarity. I write separately to identify some internal inconsistencies in the statute and to suggest that it is in need of redrafting.
¶36 As the Court correctly notes in ¶ 17, an “out-of-pocket expense” is one in which there is an outlay of cash or funds. Section 1(d) allows recovery of “reasonable out-of-pocket expenses” incurred in the filing of charges or in cooperating in the investigation and prosecution of the offense. I concur with the Court’s conclusion that the victim must expend funds in cooperating in the investigation and prosecution before he or she may make a recovery under this section.
¶37 Gleaning the intent of the legislature becomes complicated, however, given its use of the alternative term “out-of-pocket losses” in Section 1(a). As the Court notes, this term is followed by a list of examples that are intended to be applied. Opinion, ¶ 18. The problem is that the Section 1(a) list of examples of such “losses” is, with one exception, a list of various cash expenditures, not “losses.” The only exception is the inclusion of‘loss of income” in the fist. Seemingly, an out-of-pocket loss of income, such as that specifically awarded by the District Court but rejected by the Court here, would be recoverable under this provision, as it is a “loss” rather than an expenditure. However, as the Court observes, that recovery is defeated by the fact that such a loss would not be recoverable in a civil action arising out of the events constituting Barrick’s particular criminal activity here.
¶38 By using the similar yet differently defined terms “out-of-pocket losses” and “out-of-pocket expenses” within the statute, and then following those terms with inconsistent examples, the legislature has unduly confused the question of what should and should not be recoverable by a victim under the statute. The statute has been amended on numerous occasions since 1983, with additional language *450 and examples having been added, no doubt contributing to the present confusion. The legislature could rectify this uncertainty by amending the statute to appropriately distinguish between the ‘losses” and “expenses” that are recoverable followed by appropriate examples, and by clearly delineating which items of loss are tethered to what the victim could recover against the offender in a civil action arising out of the events constituting the criminal activities, and which items are not. Because the statute as presently written is internally contradictory in this regard, revision is necessary.
¶39 With these caveats, I concur in the Court’s Opinion.